IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARVIN B. DAVIS, JR.,**

                **Petitioner,**

      v.                      CASE NO. 12-3159-SAC

**SAM CLINE,**

                **Respondent.**

## O R D E R

    This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in a Kansas state correctional facility. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis in this habeas corpus action.

    Petitioner alleges due process violations in two state prison disciplinary actions. He seeks to overturn the two disciplinary adjudications, and to have them expunged from his record for purposes of earning good time credits.[1]

    Petitioner cites two civil actions he filed in Reno County District Court in 2008 on allegations of error in the two prison disciplinary proceedings. Petitioner maintains the state district court judge is refusing to decide these pending civil actions, and petitioner thereby argues his exhaustion of state court remedies is futile. The court disagrees.

---

[1] Petitioner also seeks a declaratory judgment that "defendant's actions were retaliatory, unconstitutional and fraudulent and that [petitioner's] money's taken be reimbursed with interest…" (Petition, Doc. 1, p.9).

It is well settled that a prisoner must exhaust available remedies prior to habeas corpus relief under § 2241 in a federal court. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010).  *See e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  While an exception to the exhaustion requirement is recognized where futility is shown, that exception is quite narrow.  *See Wallace v. Cody*, 951 F.2d 1170 (10th Cir.1991)(finding futility where state court decision required showing that prisoner would be eligible for immediate release if good time credits were available); *Goodwin v. State of Oklahoma*, 923 F.2d 156 (10th Cir.1991)(finding exhaustion futile where state court had recently issued adverse decision on precise legal question).

Here, state court remedies remain available to petitioner to address alleged undue delay or inaction in his two pending state court actions.  Finding no showing that would warrant application of the "futility" exception, the court concludes the petition seeking federal habeas review of prison disciplinary issues currently pending before the state district court should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 2) for leave to proceed in forma pauperis in this habeas action is granted.

IT IS FURTHER ORDERED that the petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 16th day of October 2012 at Topeka, Kansas.

                                              s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge